**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CARLOS OBED VARELA MEJIA,**

> **Petitioner,**

**v.**                                                                       **No. 26-cv-0586 JB-JHR**

**TODD LYONS, ET AL.,**

> **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO GRANT A LIMITED PRELIMINARY INJUCNTION

This matter is before me on Petitioner Carlos Obed Varela Mejia's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc.10] filed on May 30, 2026. A hearing on the motion was held on June 8, 2026 [Doc. 11]. No response in opposition was filed prior to the hearing but Respondents stipulated to limited preliminary injunctive relief on the record.

## I.      PROCEDURAL AND FACTUAL BACKGROUND

Varela Mejia filed his petition for a writ of habeas corpus under 28 U.S.C. § 2241 on February 26, 2026 [Doc. 1]. Presiding U.S. District Judge James O. Browning referred this matter to me for analysis and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3). [Doc. 4]. Respondents filed their answer on April 29, 2026. [Doc. 9]. Varela Mejia filed the instant motion on May 30, 2026 [Doc. 10] and a hearing on the motion was held on June 8, 2026 [Docs. 11, 15, text only]. At the hearing, Respondents were given through June 12, 2026, to respond to the motion. [Doc. 16, text only].

The facts stated herein are as set forth in the Emergency Motion Temporary Restraining Order and Preliminary Injunction. *See* [Doc. 10]. Respondents advised at the June 8, 2026, hearing that they may raise additional issues of fact in a forthcoming response. Varela Mejia, now 19 years old, entered the United States in 2018 when he was 11 years old. [Doc. 10, at 5]. He was originally charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i), released on his own recognizance, and complied with hearing dates and conditions of release. *Id.* He completed twelfth grade and has maintained work in the United States with an employment authorization valid through 2030. *Id.* at 5, 6. Varela Mejia first applied for asylum with immigration court and again with USCIS after an immigration judge granted DHS's motion to dismiss his removal proceedings in 2024. *Id.* at 5.

Varela Mejia has been in ICE custody since his initial detention resulting from a traffic stop on June 23, 2025, and is currently housed at the Otero County Processing Center in Chaparral, New Mexico. *Id.* His mother, Carolina Mejia Perez, applied for a T-visa for non-immigrant status by filing Form I-914 on July 7, 2025. *Id.* at 6. Varela Mejia is a derivative applicant on his mother's T-visa application, which is currently pending with USCIS. *Id.* On July 29, 2025, Immigration Judge Ruhle released Varela Mejia on a $5,000 bond after finding he was not a flight risk nor danger to the community. *Id.* However, the Board of Immigration Appeals [BIA] reversed this bond decision after the DHS successfully argued that Immigration Judge Ruhle lacked jurisdiction to hold a bond hearing because Varela Mejia entered the United States without inspection. *Id.* Varela Mejia was then ordered to be removed on November 5, 2025, after his relief applications were denied. *Id.* But he timely appealed the removal order in December, and the appeal remains pending with the BIA. *Id.*

## II.  RECOMMENDED DISPOSITION

At the hearing on June 8, 2026, Respondents stipulated to limited preliminary injunctive relief prohibiting Varela Mejia's removal outside of this District pending a merits resolution of his habeas petition. Respondents stipulated so long as the injunctive relief be limited to the situation where there is no final order of removal by an immigration judge. With this limitation, all parties stipulated on the record to waiving the fourteen-day period in which to lodge objections to the instant proposed findings and recommended disposition.[1]

I therefore **RECOMMEND** the Court **GRANT** preliminary injunctive relief prohibiting Mejia Varela's removal from the District of New Mexico prior to a ruling on his habeas petition, as long as there is no final order for his removal issued by an immigration judge.

Hon. Jerry H. Ritter
United States Magistrate Judge

---

[1] Judges in the District of New Mexico have fashioned various forms of relief addressing the possibility of removal from the District prior to a final habeas ruling. Examples from U.S. District Judges Strickland and Davenport are attached for reference.